IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAUNEE SMITH,** *Plaintiff,* v. **THE PROGRESSIVE CORPORATION & JOHN DOE 1,** *Defendants.* | : : : : : : : : : : | **CIVIL ACTION** No. 24-253 |

### ORDER

**AND NOW**, this 4th day of September, 2025, upon consideration of Defendant's Motion to Dismiss (ECF No. 25), Plaintiff's Response (ECF No. 28), and Defendant's Reply (ECF No. 30), it is hereby **ORDERED** that the Motion is **GRANTED** and the Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.[1]

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

---

[1] Plaintiff's complaint is premised on incorrect interpretations of law. This includes, inter alia, that Pennsylvania's Motor Vehicle Financial Responsibility Law does not allow corporations to waive uninsured motorist benefits on behalf of employees. As such, any amendment by Plaintiff would be futile. Therefore, Plaintiff will not be given leave to amend. See Gok v. United States, No. 22-4838, 2023 WL 4140826, at *3 (E.D. Pa. June 22, 2023) ("Rule 15 provides that leave to amend should be 'freely given' where amendment would not be futile.").

Defendant the Progressive Corporation is the last remaining named defendant. However, Plaintiff also names a John Doe defendant. Because a case "cannot be maintained solely against Doe defendants," when the claims against all named defendants have been dismissed, dismissal of claims against unnamed defendants is appropriate. See Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998); see also Breslin v. City & County of Philadelphia, 92 F.R.D. 764, 765 (E.D. Pa. 1981).